AJ KONG APPEARING FOR APPELLANT. AMANDA MICHELE PARACH APPEARING FOR APPELEE. Good morning, your honors. May it please the court, AJ Kong on behalf of the appellant, and I would like to reserve five minutes for rebuttal, please. Great, go ahead. Our motion, the appeal on the motion for list stay is first, your honors. A bankruptcy court's discretion in granting list stay is not unfettered. It is premised under the code by a finding of cause. Here there was no finding of cause, and the continued litigation that is permitted by the granting of the list stay is fruitless, superfluous, and a waste of judicial resources. But isn't that a decision for the bankruptcy court to make? Isn't that what we do all the time as bankruptcy judges is just decide whether or not to allow state court litigation to proceed in the interest of judicial economy, and the court made that decision, right? Yes, your honor. Do you just think they made it wrong? Yes, and I'm going to go through the motion and the order to explain to you why I believe that the bankruptcy court's order was not based on any evidence. Okay. And it's not supported, and therefore it was an abuse of discretion. Let me back you up before we do that. So before the motion for relief from stay was filed, there was a discharge. Correct. So why do we even have a motion for relief from stay? Because how can you grant relief from the stay when there is no discharge? When there's a discharge, there's no stay. And, your honor, I'm on your side. I am the appellant. I am the debtor. I'm the one arguing that list stay was not appropriate. The permanent injunction went into place. But not for these three claims. Correct, your honor. And we want to litigate these three claims, but these three claims at the state court level are tied up with 18 other parties and 12 other claims. In the appellee's responses, they recognize, and the judge agreed, that of the 12 claims and 18 parties, only three claims pertaining to my debtor, the appellant, continues to exist. So the question then, is it more judicially economical to deal with those three limited claims, which are already the subject of a pending adversary in the bankruptcy court, or is it more judicially economical to force my client to have to litigate with 17 other parties, 12 other claims, in a messy state court litigation? Well, let's be clear about what is stopping the state court litigation. It's not the automatic stay, right? Because the automatic stay is gone when the discharge is entered. Correct? Well, at the time that it was granted, I believe, because this was the started last year and the discharge was entered December 3rd of 2018. So I believe at the time that the motion and everything was filed, was it not? Nope. And I think while you're looking at that, just to be clear, we've got 15 minutes of argument for both matters total. Okay. Just to make sure that you understand that. That's fine, Your Honor. Thank you. So I see that the motion for relief was filed on the 4th of December. I believe the discharge was on the 8th of December. So the motion was filed beforehand. The actual decision came out after. Right. Nonetheless, the state has terminated by 362 C2C. Do you agree? I would agree that once the discharge was entered, yes, Your Honor. But I believe that because it was granted beforehand, and now that the discharge, I guess the lift stay has really now morphed into a violation of the discharge order. Is there a discharge order that applies to the actions that are the subject of the 523 action? Yes, Your Honor, there are when there is an adversary pending and the allegations are not identical with the adversary and the state court. The allegations of fraud, the allegations of breach of fiduciary duty are not identical. They are different, Your Honor. And in theory, the anything, well, number one, the appellate or appellee has already conceded in the underlying proceeding that only three claims and the court found that only three claims potentially would still survive. That was the fraud, the breach of fiduciary duty claims, and the actual fraud claims. Those are couched in different terms in the adversary. They are not identical in the state court proceeding. Your Honor, not only are they proceeding against my client, they're proceeding against the entity, which is Ruth Hauser. One of the biggest issues I had is that Ruth Hauser also filed bankruptcy. Your Honor, as you know, it's an entity and it doesn't receive a discharge that notwithstanding, the same appellant had filed a motion for lift stay in that case, and that was denied. So the state court action, as it's proceeding right now, cannot proceed as against Ruth Hauser because lift stay was not granted. That matter was not appealed. Yet my client has to go ahead and continue in the state court litigation, which, in my opinion, is very fruitless. One of the big issues that I brought up, which I think was misunderstood by the bankruptcy court, was the ramification of the creditor's failure to file a proof of claim. Your Honor, I think we understand your position pretty well about the judicial economy and why it was an abusive discretion to allow the state court case to go forward. We're more asking you legal questions about what it was that was stopping the state court case from going forward. And I think we've now, we're saying we think there probably was no automatic stay anymore. It terminated when the discharge was entered. And the question is, what's the effect of the discharge order on claims that have not, the dischargeability of which has not yet been determined? Before you answer that, remember the language of 727B says that the discharge is subject to section 523. Agreed, Your Honor. And because there is a pending adversary action and the issues of dischargeability are core actions that must be determined in the bankruptcy court, proceeding forward in the state court forum has no effect. Whatever the findings, I believe the Bender case said it best where they said that if the argument is that it makes sense to proceed because there might be some future preclusive effect on some findings of fact. In that case, the Bender court said that's not enough for me to justify cause, especially if there are other parties and there has to be second trials regardless. So there could be some findings of fact, but those findings of fact must be then brought to the bankruptcy court and held up to the 523 standards for the analysis of dischargeability. My question is, does the discharge completely bar the state court from considering the 8246 claims while they're pending in the bankruptcy court? I am unaware of a case that says that it bars it, but the doctrines of judicial economy and abstention would make sense that it would, because that would prevent having to try this issue in state court when it necessarily must come back to bankruptcy court. And though this panel is not a panel in equity, the bankruptcy courts are courts of equity. And part of the consideration is that the policy and purpose behind the filing of a bankruptcy is the fresh start for the debtor. The primary impetus of the filing of this debtor's bankruptcy was to resolve this litigation that is contentious, vexatious, and expensive. This debtor has complied with everything it was supposed to do. It has received its discharge, and yet it is still compelled to litigate in this state court action, which can yield no fruit. There can be no distribution from the estate, but it is your position that the bankruptcy court had at least the power to allow the state court case to go forward. It just abused its discretion in exercising that power. Is that what you're saying? It is your honor. And the basis is that based on the very short motion and the very short order, the bankruptcy court ended up with conclusory allegations that were not supported by any of the evidence set forth in the motion. The motion was not supported by supporting declaration. One of the arguments ironically was, hey, the state court case is so far in advance, but they provided no evidence of that. You're talking still about the relief from state motion, right? I am your honor. And that was one of the arguments of the creditor was the state court action is far in advance. We should allow them to go ahead and continue it. Wouldn't it be better for your client? If the bankruptcy court simply couldn't allow this to go forward in the state court? Absolutely. Your honor. And that leads me into the appeal as to the motion to dismiss the primary reason for that appeal. Understanding it is an interlocutory order. Was this to respond to a stay that was issued, which has prevented my client from dealing with this in a finite, timely fashion in the adversary proceeding. There was a discovery scheduling order. Your honor issued in that case, discovery would have closed June 11th of 2019. It would have been trial ready as of October 30th, but I have been unable to deal with these finite issues because of that stay. And back to my previous statement. One of the issues I had is that the creditor is speaking out of both sides of its mouth in order to get relief from stay and to argue for judicial economy. They made the allegation that the state court case is far in advance and should be allowed to stay in the forum. On the other hand, in fighting the motion to dismiss, the only affidavit or declaration provided was a 56 F declaration saying they needed more time to do discovery. But you can't have it both ways. If you've been litigating three years and you still have none of the basis to fight my motion to dismiss, then it belies reason to say that the state court option has proceeded to such an extent that they're far in advance. And that was one of the primary issues. You have about five minutes left if you want to reserve. If you want to continue, you can do that too. It's completely up to you. Unless your honors have any further questions. I think I'm safer to reserve. Okay. All right. Okay. Thank you. Thank you. News. Is it Parach? Am I pronouncing that right? Parach, actually. Parach. Okay. Thank you. Good morning, your honors. May it please the court. My name is Amanda Parach and I represent the appellee, Dr. Douglas Ross in this matter. Your honors, what we've heard today is argument that really is not based on the law or based on the record in this case. The order granting the motion or excuse me, granting the motion for relief from stay and the order denying the motion to dismiss should both be affirmed. Your honors mentioned a question about whether the automatic stay remains in place under 360 to C2C. It doesn't remain in place. However, I think to the extent that it does, as to the claims asserted in the non-dischargeability action, the court entered its order granting relief from the automatic stay with respect to those exempt or claims that are not necessarily discharged at this point in time. And I think it had the authority to do so. And as this panel is aware, the judge's determination of whether relief from stay is going to be granted is subject to a very high standard. So what's the effect of granting relief from stay that doesn't exist anymore? Well, your honor, I guess what I would say is, it's my position that the automatic stay with respect to the claims preserved in the non-dischargeability action, those claims are potentially subject to the automatic stay. And so that's exactly why we brought them, we continue to assert the motion for relief from stay to ensure that we have the ability to continue to pursue those in the state court action. And the judge made its decision based upon the record and the law at issue in that case. And that decision was not an abuse of discretion. The debtor has not pointed to any clearly erroneous findings. The debtor has not pointed to any erroneous conclusions of law. The bankruptcy judge determined that cause existed for relief from the automatic stay and considered multiple factors. One, which Judge Brand mentioned, was judicial economy. And judicial economy is critical here. We've got a situation where state court action proceeded at the time for over three years, now it's almost four years. Is it ready for trial or has the trial happened? It is indeed, your honor, ready for trial. In fact, calendar call is scheduled for the first week of December. And the parties are discussing firm dates with the court for January trial. And that, as your honor just mentioned, trial readiness is one of the factors to consider in determining whether relief from stay is appropriate. The court considered that at the time trial had been set. However, the bankruptcy stay came into effect and so trial could not go forward. But the case was ready for trial. And that's something the court considered. With respect to the judicial economy factor, that's another reason why cause existed here. As I said before, this case has proceeded for a very long time. This judge. As Judge Garris, I think, said to Ms. Kahn, we understand your arguments regarding abuse of discretion and why, you know, the judge abused it or didn't abuse it in considering factors. But it seems to us, or me, the question here is, how do we affirm a relief from stay order where it was granted relief from stay where there's no stay in effect. But more importantly then is what does that do to the state court litigation and your claims? It seems to be a kind of in a limbo period because they are not discharged because you've got your adversary proceeding. But you can't just go say, ha ha, they're not discharged and run off and litigate and start pursuing recovery in state court. You can't do that either because, again, they're subject to the adversary proceeding where the bankruptcy court has exclusive jurisdiction to determine a discharge. Sure. Your Honor, I appreciate those questions. And I think there's a couple responses. First, we cited in our papers situations in which the automatic stay, relief from the automatic stay was granted where there was a non-dischargeability action. And, unfortunately, I can't point to that at this very moment, but there were cases where we identified where fraud claims were asserted in the state court action and the court allowed the state court action to proceed forward while the non-dischargeability proceeding was stayed. I believe it's under the argument with respect to a stay of an adversary proceeding. And, essentially, what the courts did is they said it makes sense for the state court to proceed in making its determination on these fraud-based claims, so a fraudulent misrepresentation claim. And then the non-dischargeability action will be stayed until that state court action is decided. It's decided and then the bankruptcy court can utilize those findings under the doctrines of claim preclusion and issue preclusion to determine whether these claims are, indeed, non-dischargeable under Section 523. And so I think given that courts have made these determinations, it makes sense that under Section 362C2C that the claims that are subject to the automatic stay and that relief from the stay is necessary in order to proceed with those. And I think on that basis the court entered the correct decision. And, actually, that's a good place to transition to the order on the motion to dismiss because the judge's decision, I think both of those decisions go hand-in-hand. The judge also decided that a stay of the proceedings was appropriate here, and that was, again, to serve judicial economy. Now, that decision is also subject to an abuse of discretion standard, and Judge Nakagawa in that case made the determination that given that this state court proceeding had proceeded for several years, he had the broad discretionary authority to say this adversary proceeding should be stayed pending final adjudication of the state law claims. The state court judge in that matter is very familiar with the facts of the case, familiar with the parties, has made credibility determinations with respect to those parties. And because of the, as Ms. Kung stated, because of the complexity of the case, because of the amount of non-debtor co-defendants who have not consented to be served by staying the adversary proceeding, allowing the state court action to proceed forward since it is ready for trial, and then adopting any findings with respect to those remaining claims in the bankruptcy court's final determination of whether the claims are non-dischargeable. Is that a decision we can review, the stay order? As part of the order, it was a sui sponte throw in, in the order denying the motion to dismiss, and the motion or alternatively motion for summary judgment. Is that reviewable? It's not a final order. No, and I appreciate that question, Your Honor. That's one thing I did want to mention as a threshold issue. The fact is here, this is an interlocutory order, and we have a situation in which the debtor has admitted it's an establishing that this court has jurisdiction. And, in fact, the debtor has had three separate opportunities to address each of these requirements for jurisdiction over an interlocutory order, and has failed on every single occasion. The debtor had the opportunity in its motion for leave to appeal. It had the opportunity in its reply, and it had the opportunity here today, and has not addressed each of those elements that is required for this court to exercise jurisdiction over an interlocutory order. And I think that as a threshold issue is problematic because this court, it's our position that this court does not have jurisdiction over that determination. Your Honors, in Roderick v. Timber, the court cited to three specific elements that are required to be established in order for this court to exercise jurisdiction over an interlocutory order. Again, the debtor has not established any of those elements. And, importantly, granting leave to review an interlocutory appeal is the exception. It is not the rule, and it is only granted in very extraordinary circumstances. This is not an extraordinary circumstance. There's nothing about this case that rises to the level of an extraordinary circumstance. The debtor has not established that there is a controlling question of law as to which there is a substantial ground for difference of opinion. In fact, we've cited to numerous controlling cases governing this order on the motion to dismiss, and the debtor hasn't even attempted to distinguish those cases. Well, there's three aspects, and I think the debtor would agree with you that the motion to dismiss and the motion for summary adjudication, those, you know, they're the same motion, but that's interlocutory. But the key thing that the debtor is focusing in is the sua sponte stay that the court issued, you know, in connection with those motions in this adversary proceeding, which I don't think was requested by the parties, and it seems, and the debtor mentioned today the word abstention. There wasn't an abstention motion, and this, you know, but if it was an abstention, wouldn't we have the right to review that? Your Honor, I would submit that because it was a ruling as a part of a motion to dismiss, and it's a ruling with respect to that motion to dismiss, that this court is without jurisdiction, without granting leave to review it. That's what I would submit. However, even beyond that, if this court were to review it,  and given that, the court is granted with broad discretionary power to sua sponte stay its own actions. And, in fact, the Ninth Circuit held in Weiner v. Shearson, quote, when litigating the same or closely related claim in two forums simultaneously, the later filed action may be stayed under the federal court's broad discretionary power. The court certainly had the discretion to sua sponte stay the proceeding, and I think it was the right decision. Ultimately, it ends up, and as the debtor represented, the bankruptcy court is a court of equity. And looking at all the circumstances of this case, it determined that it was appropriate to stay the adversary proceeding when there was a state court judge that was completely familiar with all of the facts, familiar with the parties, and was able to make a determination without having to relitigate all of these facts, without having to conduct additional discovery and get the judge up to speed. I think given the judge's broad discretionary power there, it was appropriate and was not an abusive discretion for the judge to stay the adversary proceeding. Your Honors, unless you have additional questions, we would respectfully... Any additional questions? Any questions? No, we have none. Thank you. We respectfully request that the order granting the motion for relief from stay and denying the motion to dismiss be affirmed. Thank you, Your Honors. Thank you very much. Ms. Cohn, five minutes. I don't want to take up all five minutes, Your Honor. Okay, all right. I think the court's inclination based on the questions is extremely on point and on target. With regards to the first issue, I don't think it's appropriate for the panel to uphold an order lifting stay when the stay no longer existed. I think that that would be inappropriate. I think that that order is inappropriate and somewhat mooted by the fact that the discharge is entered before... Did Ms. Barak say that it might and perhaps and probably does exist, or at least there's a good argument that it exists, and therefore that warranted a ruling lifting it? I'm aware of no case law that allows the automatic stay to continue after the discharge order. I'm not aware of any case law cited in the reply brief. And as I sit here today, I'm not aware of any authority which allows the automatic stay to continue once the discharge. My understanding is that the automatic stay terminates upon the issuance of the discharge, and the injunctive relief prohibiting further litigation as to pre-petition claims is replaced by the discharge injunction. So does your contend the discharge injunction takes effect upon entry of the discharge, even as to the claims subject to the 523 action? I do, Your Honor, because the discharge injunction does not... 727 does not discharge debt which is non-dischargeable. It says all debt which is dischargeable is discharged. And the termination won't be made until the end of the adversary, right? Correct, but it must be made in the adversary is the key point. But what happens during the interim period? Is there a limbo from the commencement of the adversary proceeding until its resolution where neither the stay nor the discharge applies? Well, the stay and the discharge order would never apply in the bankruptcy court, which is the form in which it should be litigated. That's not my question. Well, but there should be no limbo period because it should be being litigated in bankruptcy court, in which form... Why is that? Why can't it be? Could it not be litigated in the state court? Well, it's a court proceeding, Your Honor, and only the bankruptcy courts have jurisdiction to make determinations of dischargeability. But the judge is going to make the dischargeability determination after the state court litigation concludes with the factual determinations. The judge is going to make the ultimate non-dischargeability determination. The only question is, are the state court findings identical? And if they are not, then going through this trial may get us no closer to the end of the rainbow. And the record does not flesh that out for you, Your Honor. So if that was the judge's determination, then there should be evidence in the record analyzing, well, these are the claims that are potentially non-dischargeable in the state court. These are the allegations in the adversary. When I pair them up, this is what I conclude, and this is why judicial economy dictates X. But none of that analysis was provided, Your Honor, which is why I believe the bankruptcy court's ruling was an abuse of discretion because it must be supported by the record. There was no evidence presented as to the elements of the claims, as to the discovery that had been done, as to the trial readiness of the state court case. So when the bankruptcy court made that what I call a knee-jerk reaction, saying cunt and let it be decided in the state court, I don't think the appropriate analysis went through. They didn't analyze the 12 total claims, the 18 other parties, and how is that going to interplay with the very finite issues that we have under 523 that are pending in the adversary, which we have no way of escaping. It must ultimately end up there. So to go through this rigmarole to prevent the debtor from its fresh start, I think the best summary, and also the lack of the proof of claim I found to be very salient, because now there's no reason to liquidate the state court claim. There's no insurance in play. There's no distribution from the estate. It's fruitless. And I'm just going to end with a quote from the Benador case, which I think very aptly summed up a very similar situation. If Benador, the creditor, filed a proof of claim, the bankruptcy court would have court jurisdiction over the claim under 2811 USC 157 CHUB, allowance or disallowance of claims. If Benador did not file a proof of claim, the state court claim would be discharged in bankruptcy. It would be absurd to allow the state court action to go ahead and require the estate to spend time and money litigating a debt that might ultimately be uncollectible. By staying the state action, the bankruptcy court promoted judicial economy and efficiency by minimizing the duplication of litigation in two separate forms and preventing litigation of a claim that may have been discharged in bankruptcy proceedings. Was Benador a 523 case or a 362 case? It was a 363 case with regards to the Lyft estate, or 362, Your Honor, with regards to the Lyft estate was my recollection. Okay, I think you're out of your time, so thank you very much. Thanks to both sides for their arguments. I think that's our last case. The matter is submitted and court is in recess. Thank you.
judges: Faris, Brand, Hercher